UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD WAYNE PHILLIPS,

    Plaintiff,

v.                                                         Case No. 3:16cv120-RV-CJK

JANSSEN PHARMACEUTICALS,
INC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). Upon initial review of the complaint, the undersigned found plaintiff failed to allege facts to support a viable § 1983 claim against the only named defendant, Janssen Pharmaceuticals, Inc. ("Janssen"). Specifically, the undersigned noted plaintiff alleged an Eighth Amendment violation but failed to plead Janssen was acting under color of state law when it committed the actions of which he complained. The undersigned allowed plaintiff an opportunity to correct the deficiencies and clarify his allegations in an amended complaint.

Plaintiff filed an amended complaint (doc. 5); the amended complaint, however, suffers from the same deficiencies as the original complaint. Indeed, the only substantive difference between the two complaints is that in his amended complaint, plaintiff names Tom Heyman, the Chief Executive Officer ("CEO") of Janssen, as the defendant, instead of Janssen itself. Plaintiff still has alleged no state action.

Because plaintiff is proceeding *in forma pauperis*, the court must dismiss the action if it determines that is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used

to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

"In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a person acting under color of state law; (2) deprived him of a right secured by the Constitution. 42 U.S.C. § 1983." *Hernandez v. Florida Dept. of Corrections*, 281 F. App'x 862, 865 (11th Cir. 2008). Plaintiff has alleged a violation of his Eighth Amendment right to be free from cruel and unusual punishment. As set forth above, however, he has wholly failed to plead the defendant was acting under color of state law when he committed the alleged violation. Considering the defendant is the CEO of a private pharmaceutical company who plaintiff alleges was responsible for the marketing and sale of an unreasonably dangerous product, plaintiff plainly will be unable to do so.

Case No. 3:16cv120-RV-CJK

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 1st day of September, 2016.

       */s/ Charles J. Kahn, Jr.*
       **CHARLES J. KAHN, JR.**
       **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  See U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**